IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE  NO. 3:10CR464 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | |
| DAMIEN HARRIS, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of American, by and through its counsel, Steven M.

Dettelbach, United States Attorney, and James V. Moroney and Ava R. Dustin, Assistant U.S.

Attorneys, who respectfully submit this Sentencing Memorandum.

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney


By: s/James V. Moroney
   James Moroney
   Assistant U.S. Attorney
   400 United States Courthouse
   801 West Superior Avenue
   Cleveland, Ohio 44113
   Telephone:  (216) 622-3827

-2-

Facsimile: (216) 522-7358
James.Moroney@usdoj.gov
Reg. No. 0019064


s/Ava R. Dustin
Ava R. Dustin
Assistant U.S. Attorney
Four Seagate, Suite 308
Toledo, Ohio 43604
Telephone:  (419) 259-6376
Facsimile:   (419) 259-6360
Ava.Rotell.Dustin@usdoj.gov
Reg. No. 0059765


MEMORANDUM

Damian Harris was indicted on Nov. 3, 2010, with his brother, Roy D. Calhoun, and

Marissa M. Mayers, in a nine-count federal indictment.  Harris was charged in Count 1, a

Section 371 conspiracy count; Count 4, involving enticement to travel in interstate commerce to

engage in prostitution; and Counts 7 and 8, transporting and causing to be transported individuals

in interstate commerce to engage in prostitution (also known as adult Mann Act charges).  Harris

was arrested on the indictment, and was held without bond in pretrial detention.  The original

indictment was superseded on May 4, 2011, and the same charges against Harris were carried

over into the superseding indictment.

On July 7, 2011, Harris entered a plea of guilty to Count 7 of the superseding indictment,

pursuant to a plea agreement providing that the remaining charges would be dismissed at the time

of sentencing.  Defendant was at that time released from pretrial detention on an unsecured bond

with conditions, including residence at a halfway house.  Defendant was until that time

incarcerated for approximately eight months.

-3-

Under the plea agreement between the parties, there was a base offense level of 14, an agreement that no additional specific offense characteristics applied, and that the United States would recommend a two-level reduction for acceptance of responsibility "provided Defendant's conduct continues to reflect Defendant's acceptance of responsibility."

The revised presentence report (PSR), issued January 24, 2012, differs from the plea agreement in two respects.  First, the revised PSR finds applicable the *Special Instruction* at U.S.S.G. §2G1.1(d), providing in essence that if multiple persons are transported, each victim is treated as a separate count of conviction.  This gives rise to a multiple count computation, and given the finding of two victims, and correspondingly two units, the revised PSR posits a two-level increase in the base offense level.

The second difference between the plea agreement and the revised PSR involves the probation officer's denial of acceptance of responsibility, finding that "the defendant did not acknowledge that he willfully aided in the transportation of Marissa Mayers and others to engage in prostitution in Louisville, Kentucky."

The United States takes the position herein that Defendant is not entitled to a reduction for acceptance of responsibility, as determined by the U.S. Probation Office.  As to the application of the *Special Instruction,* that decision is left to the discretion of the Court, although it is noted that the factual finding of Probation is accurate.

**Acceptance of Responsibility.**

In paragraph 36 of the revised PSR, containing Harris' statements to the Probation Officer, he asserts that "Marissa Mayers and others engaged in prostitution acts in Louisville, Kentucky, in May 2008, but ... it was done without his involvement."  Harris further "denied that

-4-

the group had planned to prostitute in Louisville." He stated that his plan in traveling to

Louisville was to attend his nephew's graduation from kindergarten. It was only when his

brother Roy was arrested and held in jail that "Marissa Mayers and the other women decided to

engage in prostitution to raise funds for Roy's release from jail." Harris said "I knew what they

did" but "I didn't have a role."

Defendant's statements to the Probation Officer expressly contradict the factual basis

contained in paragraph 5 of his plea agreement. Moreover, the "story" is virtually an insult to

anyone with knowledge of the facts. Defendant would have the belief that he and his brother

(whom Defendant freely acknowledges was and is a pimp) traveled to Louisville with at least

two women who were known prostitutes, but there was no intent to prostitute.

Entitlement to an adjustment for acceptance of responsibility requires more than the mere

entry of a guilty plea. United States v. Bonds, 48 F.3d 184, 187-89 (6th Cir. 1995).  An

adjustment can be denied where a defendant disputed his guilt with the Probation officer. United

States v. Gilbert, 173 F.3d 974, 978-79 (6th Cir. 1999); United States v. Edwards, 272 F.3d 812,

815-16 (6th Cir. 2001). Providing contradictory information to Probation, hindering fact-finding

by Probation, and refusal to cooperate with Probation all have been held to support denial of an

acceptance adjustment. United States v. Bruce, 396 F.3d 697, 714-15 (6th Cir. 2005); United

States v. Brown, 959 F.2d 63, 68-9 (6th Cir. 1992); United States v. Meachum, 27 F.3d 214, 217-

18 (6th Cir. 1994).

Defendant clearly changed his "story," and severely minimizes or even denies his guilt.

Harris' position clearly disqualifies him from an acceptance adjustment.

-5-

**The May 2008 Trip to Louisville, Kentucky**

The Probation officer in her revised PSR applies the *Special Instruction* in U.S.S.G. 2G1.1(d), triggering a multiple count computation which adds two levels to defendant's offense level.  The United States notes that this determination is accurate.  As an initial matter, at page 26 of the Revised PSR, at defense objection No. 3, there is a citation to an Oct. 20, 2011, defense interview of Marissa Mayers in which it is alleged that she does not consider herself a "victim" of Damien Harris.  This is completely immaterial and meaningless.  Consent of the individual transported in not a defense to a Mann Act charge, and the individual transported can and typically is a willing participant in the activity.  United States v. Rashkovski, 301 F.3d 1133, 1136-37 (9th Cir. 2002); United States v. Lowe, 145 F.3d 45, 52 (ist Cir. 1998); United States v. Jones, 808 F.2d 561, 565-66 (7th Cir. 1986); United States v. Pelton, 578 F.2d 701, 712-13 (8th Cir. 1978).

It is undisputed that there were at least two women transported to Louisville in May 2008 to engage in prostitution.  Marissa Mayers was clearly transported.  Ashley Shaffer traveled with Ms. Mayers on both trips to Louisville, as was confirmed in Ms. Shaffer's FD-302 of 06-29-2009.  Beyond those two, there was some confusion as to whether Stephanie Hummer and Jaymi Ward were present for both trips, or just the second Louisville trip (alleged in count 8 during June 2008).  But the revised PSR accurately determines that two women were transported, and the adjustment is accurate.

**Other Criminal Conduct as a Section 3553(a) Factor**

As the Court is well aware, Title 18,  United States Code, § 3661 provides that there is "no limitation" on information concerning background, character, and conduct of a person

-6-

convicted of an offense which may be considered by the Court in sentencing that person.  In

considering the history and characteristics of the defendant under § 3553(a)(1), the United States

believes that the Court can and should consider that Defendant fortuitously avoided being named

in the obstruction conspiracy in Count 10 of the trafficking case, and in the Count 1 drug

conspiracy in the "0188" drug case.

As background, Harris was incarcerated in pretrial detention in the trafficking case from

his arrest on November 3, 2010.  Reviewing and analyzing jail calls of Roy Calhoun revealed

that Calhhoun was actively using others to obstruct the continued investigation and prosecution

of the trafficking case, and was also actively selling Oxycodone and derivatives from the jail.

The latter conspiracy was conducted largely using Calhoun/Travis family members, and a

particular medical doctor in Michigan.  In this investigation, a superseding indictment adding an

obstruction conspiracy (which became Count 10 in the "0464" case), and a separate drug case,

were prepared and ultimately filed on May 4, 2011.  Defendant Harris's jail calls were obtained,

but not analyzed.

Additional defendants in the cases were for the most part arrested on May 4-5, 2011;

however, Shaina Perry, mother of Defendant's child, had left the Toledo area and moved to

Atlanta, Georgia, prior to the filings on May 4, 2011.  She finally surrendered on her arrest

warrant on May 18, 2011.  When she was interviewed, she advised as follows.  Ms. Perry had

been previously interviewed back in April 2009 after execution of a search warrant at the

apartment where Roy Calhoun, Damien Harris, and others were living.  She gave information

that was incriminating toward Calhoun and others.  That FD-302 was turned over to defendants

as discovery on the initial indictment.  During her post-arrest interview, Ms. Perry told the agents

-7-

that after her 2009 interview memorandum was turned over, Damien Harris called her from the jail, accused her of "being stupid," and told her she had incriminated herself.

In addition, Ms. Perry advised the agents that Harris also obtained prescription drugs, and sold them. She said Harris to her knowledge had sold these drugs from a few pills at a time, to whole bottles, and that he had obtained pills on his own prescriptions as well as from family members. She said she got jail calls from Calhoun and Harris asking for her help in arranging pill sales. A review of Ohio's Automated Rx Reporting System reflected eleven prescriptions under Harris's name from Jan. 18, through May 27, 2010.

Had agents had Ms. Perry's information when the superseding indictment and the drug cases were filed, it is likely he would have been charged in the obstruction conspiracy, and the drug case.

-8-

**Conclusion**

For the reasons set forth herein, it is respectfully requested that this Honorable Court deny

defendant a reduction for acceptance of responsibility, consider the Probation officer's

adjustment under the *Special Instruction,* and sentence the Defendant at the high end of the range

determined**.**

<div style="margin-left: 50%;">

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney


By:    s/James V. Moroney
        James Moroney
        Assistant U.S. Attorney
        400 United States Courthouse
        801 West Superior Avenue
        Cleveland, Ohio 44113
        Telephone:  (216) 622-3827
        Facsimile:   (216) 522-7358
        James.Moroney@usdoj.gov
        Reg. No. 0019064


        s/Ava R. Dustin
        Ava R. Dustin
        Assistant U.S. Attorney
        Four Seagate, Suite 308
        Toledo, Ohio 43604
        Telephone:  (419) 259-6376
        Facsimile:   (419) 259-6360
        Ava.Rotell.Dustin@usdoj.gov
        Reg. No. 0059765

</div>

-9-

CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2012, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing though the Court's system.

s/James V. Moroney
James Moroney
Assistant U.S. Attorney
400 United States Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113
Telephone:  (216) 622-3827
Facsimile:   (216) 522-7358
James.Moroney@usdoj.gov
Reg. No. 0019064